1
2
3
4                       UNITED STATES DISTRICT COURT

5                      NORTHERN DISTRICT OF CALIFORNIA

6

7    DIVIDEND,                              Case No. 25-cv-01834-EMC   (EMC)

8                    Plaintiff,

9           v.                             **ORDER GRANTING MOTION FOR
                                           DEFAULT JUDGMENT**
10   MULTITASKR CONSTRUCTION, INC.,

11                   Defendant.            Docket No. 21

12

13          This is an action by Plaintiff Dividend, a Division of Fifth Third Bank, National

14   Association ("Dividend") against Defendant Multitaskr Construction, Inc.'s ("Multitaskr") for

15   breach of contract.  Dividend alleges that Multitasker breached the parties' agreement by failing to

16   complete twenty-three home installment projects after Dividend provided it with $786,226.87 in

17   financing.  Before the Court is Dividend's Motion for Default Judgment.  Dkt. No. 21.  Having

18   considered the papers submitted, the Court **GRANTS** the motion for default judgment.

19

20       **I.      FACTUAL & BACKGROUND**

21

22       A. Complaint

23          Dividend is a division of Fifth Third Bank, National Association, a national banking

24   association with a principal place of business in Ohio.  Dkt. No. 1 ¶ 4.  Defendant Multitaskr is a

25   California corporation.  *Id.* ¶ 5.  According to Dividend's complaint, on September 16, 2022

26   Multitaskr and Dividend entered into a Dealer Agreement.  Dkt. No. 1, ¶ 12.   In this agreement,

27   Dividend agreed to provide financing for home installment projects that Multitaskr would

28   complete.  *Id.* ¶ 13.  Multitaskr agreed to various representations and warranties.  *Id.* ¶¶ 14-17.

Dividend provided Multitaskr with $786,226.87 for twenty-three home installation projects, for which Multitaskr had submitted Completion Certificates. *Id.* ¶ 18. However, Multitasker had not actually completed these projects. *Id.* ¶ 19. Dividend attempted to address these issues with Multitaskr, seeking either repayment of its money or immediate completion of the projects, but Multitaskr failed to do either. *Id.* ¶¶ 20-24. Dividend brings counts of breach of contract and unjust enrichment. *Id.* ¶¶ 27-44.

### B. Default

Dividend filed its complaint on February 20, 2025. Dkt. No. 1. Dividend served the complaint through personal service to Multitaskr's registered agent on February 26, 2025. Dkt. No. 7. On May 23, 2025, Dividend requested Entry of Default, which was denied on May 28, 2025. Dkt. Nos. 13 & 14. An initial case management conference was held on June 10, 2025, at which Multitaskr did not appear. Dkt. No. 16. On July 2, 2025, Dividend again requested Entry of Default, which the Clerk of Court entered on July 23, 2025. Dkt. Nos. 17-20.

## II.    DISCUSSION

### A. Service of Process

As an initial matter, the Court must first assess the adequacy of the service of process on the defendant. *See Valtierra v. Warden Sec. Assocs., Inc.*, No. 24-cv-00496-SVK, 2024 U.S. Dist. LEXIS 183943, at *2-3 (N.D. Cal. Oct. 8, 2024). Federal Rule of Civil Procedure 4(h)(1)(A) permits service on a corporation "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) authorizes service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under California Code of Civil Procedure § 416.10, a corporation may be served by delivering a copy of the summons and complaint to the corporation's designated agent for service of process as designated to the California Secretary of State. Cal. Civ. Proc. Code § 416.10(a); Cal. Corp. Code § 1502(b).

United States District Court
Northern District of California

Dividend hand-delivered the summons and complaint to Multitaskr through its designated agent for service of process, LegalInc., as listed on the California Secretary of State's website at the time of service.  Dkt. No. 18; Dkt. No. 7.  This satisfies service of process under Rule 4(h) via a state method for service.

B.  Eitel Factors

Under Federal Rule of Civil Procedure 55(b)(2), a court may enter a default judgment against a party after the clerk has entered the party's default.  *See* Fed. R. Civ. P. 55(a)-(b).  Upon default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).  "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In determining whether a default judgment is appropriate, a court considers several factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Here, the factors favor default judgment.  On the first factor, if the Court were to deny default judgment, Dividend would be prejudiced as it would be left without remedy.  *See e.g.*, *Johanson Transp. Serv. v. Shelby Transp., Inc.*, 2025 U.S. Dist. LEXIS 14343, at *9 (N.D. Cal. Jan. 27, 2025).  On the fourth factor, Dividend seeks money tailored to the alleged misconduct – the exact amount it provided Multitaskr in consideration for Multitaskr's contracted work.  Dkt. No. 1 ¶ 18; Dkt. No. 21-2 at 8.   Since Multitaskr has not answered the complaint, opposed Dividend's motion for default, or otherwise appeared, there is no indication of disputed facts or excusable neglect.   Indeed, Dividend represents that Multitaskr's registration to do business with California's Secretary of State was suspended on February 3, 2025.  *See Timberline, Inc. v. Jaisinghani*, 54 Cal. App. 4th 1361, 1365, 64 Cal. Rptr. 2d 4, 6 (1997) ("[A] suspended

United States District Court
Northern District of California

United States District Court
Northern District of California

1    corporation may not prosecute or defend an action in a California court."). Although public policy

2    favors a decision on the merits, this factor does not militate against default when the defendant's

3    failure to defend makes this "impractical, if not impossible." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238

4    F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

5          The remaining factors, two and three, concerns the merits of Dividend's claim and the

6    sufficiency of its complaint. Dividend asserts claims for breach of contract and unjust enrichment.

7    To prevail on a breach of contract in California, a plaintiff must establish (1) the contract, (2) the

8    plaintiff's performance of the contract or excuse for nonperformance, (3) the defendant's breach,

9    and (4) the resulting damage to the plaintiff. *Richman v. Hartley*, 224 Cal. App. 4th 1182, 1186

10   (2014). Dividend has pled facts, which the Court accepts as true in the default context, (1) that

11   there was a contract between Dividend and Multitaskr, (2) that Dividend performed its part of the

12   contract by paying Multitaskr $786,226.87 for twenty-three home installations, (3) that Multitaskr

13   breached by failing to complete these installations, and (4) that Dividend was damaged in the sum

14   of the money it paid Multitaskr. Dkt. No. 1 ¶¶ 12, 13, 18, 19, 38; *see also* Dkt. No. 21-1 at 6-17

15   (providing contract at issue). This satisfies the elements of a breach of contract claim. As to

16   unjust enrichment, a claim requires "receipt of a benefit and unjust retention of the benefit at the

17   expense of another." *Prof'l Tax Appeal v. Kennedy-Wilson Holdings, Inc.*, 29 Cal. App. 5th 230,

18   238 (2018). Dividend's factual allegations establish that Multitaskr received financing from

19   Dividend (a $786,226.87 payment), the retention of which would be unjust, given that Multitaskr

20   failed to perform the work that the financing was for. Dkt. No. 1 ¶¶ 40-44.

21         For the reasons discussed above, the *Eitel* factors favor default judgment.

22

23      C. Relief

24         Defendant seeks $786,226.87, plus attorneys' fees and costs. Defendant has submitted

25   evidence along with a declaration that it paid Multitaskr $786,226.87 in total for twenty-three

26   home installation projects. *See* Dkt. No. 21-1 at 19 (listing disbursed amount per project).

27         Defendant also seeks fees and costs based on its contract with Multitaskr. The contract

28   states that Multitaskr "agree[d] to indemnify and hold [Dividend] harmless from and against any

liability, loss, injury, expense, cost, or damage (including but not limited to attorneys' fees and other related costs) related to or associated with your breach or violation." Dkt. No. 21-1 at 16. Dividend has not provided the Court with a calculation of its fees and costs but seeks leave to do so if the Court grants its motion for default judgment.

Dividend's requested relief of $786,226.87 is granted. Dividend is ordered to file its motion for fees and costs by November 14, 2025.

### III.    <u>CONCLUSION</u>

For the forgoing reasons, the Court **GRANTS** the motion for default judgment and awards Dividend $786,226.87 in actual damages. Dividend shall file its motion for fees and costs by November 14, 2025.

**IT IS SO ORDERED**.

Dated: October 31, 2025

EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California